IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVGENY FIRSOV,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF HONOLULU, ET AL.,<br><br>　　　　　　Defendants. | Civil No. 23-00429 LEK-KJM<br><br>ORDER DENYING MOTION TO ALLOW PLAINTIFF TO PROCEED UNDER A PSEUDONYM |

**ORDER DENYING MOTION TO ALLOW PLAINTIFF TO PROCEED UNDER A PSEUDONYM**

Pro se plaintiff Evgeny Firsov ("Plaintiff") filed a Motion to Allow Plaintiff to Proceed under a Pseudonym on November 2, 2023 ("Motion"). ECF No. 8.

The Court decides the Motion without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and record in this case, the Court DENIES the Motion.

DISCUSSION

Plaintiff filed a Complaint in the Circuit Court of the First Circuit of the State of Hawai'i ("State Court") on September 22, 2023, against: Defendants City and County of Honolulu ("City and County"); Rick Blangiardi, Mayor of the City and County (in his official capacity); City and County Department of Customer

Services; and Kimberly M. Hashiro, Director of City and County Department of Customer Services (in her official capacity) (collectively, "Defendants").  ECF No. 1-2 at 2.  Plaintiff alleges that Defendants violated federal and state laws when they denied issuing him a Real ID driver's license on July 20, 2023.  *Id*. at 3.  Defendants removed the action to federal court on October 23, 2023.  ECF No. 1.

Plaintiff contends that he is a political asylee in the United States due to the fact that he was subjected to persecution for expressing his political opinions in Russia.  ECF No. 8 at 2.  Plaintiff asserts that members of his family continue to live in Russia and he is concerned that these members will be harassed or bullied if any information that he is in the United States is publicly available.  *Id*.  Plaintiff thus moves this Court to allow him to proceed in this litigation under a pseudonym.

Defendants filed a Statement of No Position on the Motion on November 7, 2023.  ECF No. 15.

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties."  Fed. R. Civ. P. 10(a).  There is a very narrow exception to this rule, which applies only under exceptional circumstances.  *See United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." (citation and internal quotation marks omitted)).  The Ninth Circuit has held that "a party may

preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000).

    Here, Defendants do not object to Plaintiff proceeding anonymously, but Defendants point out that Plaintiff's filings in both the State Court and this Court have been and remain public to date. ECF No. 15 at 3. Indeed, Plaintiff's identity (and his personal address) in this lawsuit has been public for nearly two months now. Given these circumstances, the Court concludes that Plaintiff's request is moot. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) ("A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)); *see also Advanced Textile Corp.*, 214 F.3d at 1066 ("If plaintiffs amend their complaint to reveal their identities and litigate their FLSA claims under their true names, the question whether plaintiffs may use pseudonyms will be moot."); *Doe v. Word of Life Fellowship, Inc*., No. 11-40077-TSH, 2011 WL 2968912, at *2 (D. Mass. July 18, 2011) (concluding that the motion to proceed under pseudonymity was moot because the identity of the party seeking anonymity was already accessible to the public and permitting a pseudonym would not result in any more exposure than what had already occurred); *Doe v. Univ. of*

*R.I.*, 28 Fed. R. Serv.3d 366, at *3 (D.R.I. 1993) (denying leave to proceed under pseudonym because moving party's identity was disclosed in prior litigation).

Plaintiff's true identity has already been revealed.  The Court cannot undo what has already been done.  *C.f. United States v. Brandau*, 578 F.3d 1064, 1067 (9th Cir. 2009) ("[W]here the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed." (citation omitted)).  Accordingly, the Court DENIES Plaintiff's Motion as moot.

## CONCLUSION

For the reasons discussed in this Order, the Court DENIES Plaintiff's November 2, 2023 Motion to Allow Plaintiff to Proceed under a Pseudonym.  *See* ECF No. 8.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaiʻi, November 16, 2023.

Kenneth J. Mansfield
United States Magistrate Judge

Civil No. 23-00429 LEK-KJM; *Firsov v. City and County of Honolulu, et al.*;
Order Denying Motion to Allow Plaintiff to Proceed Under a Pseudonym