UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVGENY FIRSOV,<br><br>         Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU; RICK BLANGIARDI, IN HIS OFFICIAL CAPACITY AS MAYOR OF CITY AND COUNTY OF HONOLULU; DEPARTMENT OF CUSTOMER SERVICES, CITY AND COUNTY OF HONOLULU; KIMBERLY HASHIRO, IN HER OFFICIAL CAPACITY AS DIRECTOR OF DEPARTMENT OF CUSTOMER SERVICES, CITY AND COUNTY OF HONOLULU,<br><br>         Defendants. | CIV. NO. 23-00429 LEK-KJM |

**ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT; DENYING PLAINTIFF'S "MOTION ON THE APPLICATION OF THE PROVISIONS OF ARTICLE 28 U.S. CODE § 1441(C)(2)"; DENYING PLAINTIFF'S "MOTION ON THE APPLICATION OF THE PROVISIONS OF FED R. CIV. P. 11(C)"**

On October 30, 2023, Defendants City and County of Honolulu ("the City"), Rick Blangiardi, Mayor of City and County of Honolulu in his official capacity ("Mayor Blangiardi"), Department of Customer Services, City and County of Honolulu ("DCS"), and Kimberly Hashiro, DCS Director, in her official capacity ("Hashiro" and collectively "Defendants") filed their Motion to Dismiss Complaint ("Motion to Dismiss"). [Dkt. no. 4.] Also before the Court are: pro se Plaintiff Evgeny Firsov's

("Plaintiff") "Motion on the application of the provisions of Article 28 U.S. Code § 1441(c)(2)," filed on November 2, 2023 ("Motion for Partial Remand"); and Plaintiff's "Motion on the application of the provisions of Fed. R. Civ. P. 11(c)," filed on November 13, 2023 ("Motion for Sanctions"). [Dkt. nos. 7, 18.] On November 3, 2023, Plaintiff filed his opposition to the Motion to Dismiss, [dkt. nos. 11, 12,[1]] and on November 17, 2023, Defendants filed their reply, [dkt. no. 21]. On November 22, 2023, Plaintiff filed a surreply regarding the Motion to Dismiss without leave of court in violation Rule LR7.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), which states "[n]o further or supplemental briefing shall be submitted without leave of court." Therefore, Plaintiff's surreply to the Motion to Dismiss is stricken.

On November 7, 2023, Defendants filed their opposition to the Motion for Partial Remand, [dkt. no. 16,] and on November 17, 2023 Plaintiff filed his reply [dkt. no. 22]. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules. For the

---

[1] Docket number 11 is Plaintiff's "Motion to Deny the Defendants' Motion to Dismiss," docket number 12 is Plaintiff's memorandum in support. Citations in this order to "Motion to Dismiss, Memorandum in Opposition" refer to dkt. no. 12.

2

reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part, Plaintiff's Motion for Partial Remand is denied, and Plaintiff's Motion for Sanctions is denied.

## BACKGROUND

This action was removed from the State of Hawai`i, First Circuit Court ("state court") to this district court on October 23, 2023. [Notice of Removal, filed 10/23/23 (dkt. no. 1).] The operative pleading is Plaintiff's Complaint, which was filed on September 22, 2023 in state court. [Id., Decl. of Counsel by Daniel M. Gluck ("Gluck Removal Decl."), Exh. 1 (all filings in the state court) at PageID.9-12 (Complaint).[2]]

Plaintiff alleges the following: he has lawfully lived in Honolulu since December 2021; and has possessed a Hawai`i Driver's License – REAL ID ("REAL ID") since March 2022. Plaintiff is an asylee. Plaintiff's REAL ID was set to expire at the end of October 2023. On July 20, 2023, Plaintiff went to two different Department of Motor Vehicle ("DMV") locations (Waianae and Kapalama) to renew his REAL ID, and both locations declined to renew. [Complaint at pgs. 2-3.] That same day, Plaintiff emailed a complaint to DCS and the City and County of Honolulu. [Id.] The DCS Director responded on July 28, 2023, and wrote

---

[2] Exhibit 1 to the Gluck Removal Declaration is docket numbers 1-2, 1-3, and 1-4.

3

that Plaintiff's "legal presence in Hawaii is limited" and "beyond the time you are authorized to be in Hawaii." [Id.] On August 4, 2023 Plaintiff submitted a pre-trial claim to the Mayor of the City and County of Honolulu, but did not receive a response. [Id. at pg. 3.]

Plaintiff contends the refusal to renew his REAL ID constitutes unlawful discrimination based on immigration status or nationality. Plaintiff alleges violations of Article 27 of the 1951 Convention Relating to the Status of Refugees ("1951 Convention"); the Real ID Act of 2005, 6 C.F.R. § 37.3 *et. seq.*; Hawai`i Administrative Rules Section 19-149-2; the Civil Rights Act of 1964; and Article I, Sections 2 and 5 of the Hawai`i Constitution. Plaintiff requests that the Court require Defendants to issue him a Real ID for eight years, to require Defendants to reconsider Plaintiff's application to renew his license, and requests damages, costs, and any other appropriate relief. [Id. at pgs. 2-4.]

Defendants seek dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 7, 8(a)(2), and 12(b)(6). [Motion to Dismiss, Mem. in Supp. at 7-13.] Plaintiff requests partial remand and sanctions for representations made by Defendant in its memorandum in support of its Motion to Dismiss. [Dkt. nos. 7, 18.]

4

**STANDARD**

I. <u>Remand</u>

>28 U.S.C. § 1441(a) states:
>
>Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

United States District Courts have original jurisdiction over civil actions: 1) where a federal question is presented in an action arising under the Constitution, federal law, or treaty; or 2) where diversity of citizenship and amount in controversy requirements are met. 28 U.S.C. §§ 1331, 1332.

28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." <u>Hansen v. Grp. Health Coop.</u>, 902 F.3d 1051, 1056 (9th Cir. 2018) (citation and quotation marks omitted).

>If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. <u>See</u> <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010); <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." <u>Geographic Expeditions</u>, 599 F.3d at 1107 (citation omitted).

Id. at 1057. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

II. **Federal Rule of Civil Procedure 12(b)(6)**

The Ninth Circuit has described the standard applicable to a motion under Rule 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." In re Century Aluminum [Co. Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir. 2013)]. In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).
>
> Following Iqbal and Twombly, . . . . we have settled on a two-step process for evaluating pleadings:
>
> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

6

> opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.
>
> [Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). In all cases, evaluating a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial experience and common sense." Id. at 995-96 (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014) (some alterations in Levitt). The Court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

## **DISCUSSION**

Preliminarily, on October 12, 2023, Plaintiff filed a "Notice of a significant change in circumstance" ("Notice") before the state court. See Gluck Removal Decl., Exh. 1 (dkt. no. 1-3), at PageID.96-97. In the Notice, Plaintiff states he received a REAL ID valid for eight years on October 9, 2023 from the DMV in Lihu`e, Kaua`i. Plaintiff therefore withdrew his request for injunctive relief seeking the issuance of a REAL ID for eight years and requiring Defendants to reconsider Plaintiff's application to renew his license. [Id.] Therefore,

the Court deems Plaintiff's request for injunctive relief withdrawn.

I. **Remand**

Plaintiff cites Title 28 United States Code Section 1441(c)(2) as the basis for partial remand to state court. [Motion to Dismiss, Mem. in Opp. at 2.] Section 1441(c)(2) is inapplicable because Defendants removed pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction, [Notice of Removal at pgs. 2-3,] and there is no claim at issue that is not within the original or supplemental jurisdiction of this district court. See 28 U.S.C. § 1441(c)(1)(B). Federal question jurisdiction exists because Plaintiff alleges violations of federal law, including the REAL ID Act of 2005 and the Civil Rights Act of 1964. See 28 U.S.C. § 1331; Complaint at pg. 3. Because the Court has federal question jurisdiction over the federal law claims, it also has supplemental jurisdiction over the related state law claims. See 28 U.S.C. § 1367(a); Complaint at pgs. 2-3. Therefore, removal was proper, and Plaintiff's Motion for Partial Remand is denied.

II. **Motion to Dismiss**

First, Defendants argue that DCS should be dismissed because it is not a separate legal entity from the City, and the claims against Mayor Blangiardi and Hashiro in their official capacities should be dismissed because they are duplicative of

8

the claims against the City. [Motion to Dismiss, Mem. in Supp. at 1-2.] Defendants are correct. DCS is not a separate legal entity from the City. See Revised Charter of the City and County of Honolulu §§ 6-401 to 6-402; see also Honolulu v. Toyama, 61 Haw. 156, 161, 598 P.2d 168, 172 (1979) (holding that the City's Building Department and Department of Housing and Community Development are both departments of the City's executive branch, and do not constitute separate legal entities from the City). As to the claims against Mayor Blangiardi and Hashiro, "[t]he Supreme Court noted decades ago that '[t]here is no longer a need to bring official-capacity actions against local government officials, for under Monell [v. Department of Social Services of City of New York, 436 U.S. 658 (1978)], . . . local government units can be sued directly for damages and injunctive or declaratory relief.'" Long v. Yomes, Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847, at *3 (D. Hawai`i Sept. 20, 2011) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). Therefore, Defendants' Motion to Dismiss is granted insofar as Plaintiff's claims against DCS, Mayor Blangiardi, and Hashiro are dismissed with prejudice.

    A.    **Failure to State a Plausible Claim for Relief**

        Defendants argue that Plaintiff does not allege a connection between being denied a REAL ID and the alleged illegal discrimination: there are no facts to suggest that

Defendants made any decisions on the basis of national origin or ancestry, or that Plaintiff was treated differently than a similarly situated person. [Motion to Dismiss, Mem. in Supp. at 9.] Defendants are correct.

Plaintiff has not pled sufficient factual content to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" regarding Plaintiff's claim of discrimination on account of Plaintiff's immigration status or nationality. See Iqbal, 556 U.S. at 678. Plaintiff has alleged: he is an asylee that has a right to live anywhere in the United States; he was denied a REAL ID renewal; the DCS Director wrote Plaintiff a letter stating that "your legal presence in Hawaii is limited" and "beyond the time you are authorized to be in Hawaii." [Complaint at pgs. 2-3.] Plaintiff pleads no facts plausibly suggesting that discrimination was the reason for the denial of his REAL ID renewal application. Instead, as Defendants argue, the denial of Plaintiff's REAL ID renewal application is more plausibly due to federal law, *i.e.* 6 C.F.R. § 37.21(b), preventing the grant of a REAL ID renewal because Plaintiff's asylum application was marked as pending. [Motion to Dismiss, Mem. in Supp. at 7-9; Reply at 2.] Although unfortunate and undoubtedly frustrating to Plaintiff, on the facts alleged, the denial of the REAL ID renewal does not plausibly suggest discrimination. Plaintiff's

10

Complaint "stops short of the line between possibility and plausibility of entitlement to relief" as to Plaintiff's discrimination claim. See Twombly, 550 U.S. at 557 (brackets, citation, and internal quotation marks omitted). Plaintiff's claims of discrimination are therefore dismissed on this basis.

Further, Plaintiff fails to allege facts that state a plausible claim for relief under Article 27 of the 1951 Convention. Article 27 provides that "[t]he Contracting States shall issue identity papers to any refugee in their territory who does not possess a valid travel document." Here, Plaintiff was offered an eight-year limited purpose driver's license. [Motion, Decl. of Counsel by Daniel M. Gluck ("Gluck Motion Decl."), Exh. 1 (letter, dated July 26, 2023, to Plaintiff from Hashiro) ("As offered to you earlier by our staff, a Limited Purpose Driver License is still an option. If you would like to reconsider obtaining this type of license, we would be happy to assist you.").]³ Assuming that Article 27 applies to the instant

---

³ As a general rule, the Court's scope of review in considering a Rule 12(b)(6) motion to dismiss is limited to the allegations in the pleading. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). However, a district court can consider materials beyond the pleadings without converting the motion to dismiss into a motion for summary judgment if either the incorporation by reference doctrine or Federal Rule of Evidence 201 judicial notice applies. Id. "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from
(. . . continued)

11

case, Defendants did offer identity papers, in the form of an eight-year limited purpose driver's license. Plaintiff's claim alleging a violation of Article 27 is therefore dismissed.

### B. Defendants' Other Arguments

Defendants argue that Plaintiff was not entitled to a REAL ID at the time he filed the Complaint because federal law prohibited issuing such a document because Plaintiff's asylum application was pending as of July 2023. Therefore, Defendants argue they did not discriminate against Plaintiff, they merely complied with federal law. [Motion to Dismiss, Mem. in Supp. at 7-9.] Plaintiff disputes that his asylum application was pending in July 2023, asserting that his asylum application was granted in October 2021 at which time he was entitled to a REAL ID. [Motion to Dismiss, Mem. in Opp. at 2.]

The Court may not look at evidence or disputed facts outside of the Complaint on a motion to dismiss, so this argument is not appropriate for the Court to consider. The Court will also not consider Defendants' arguments that (1) Defendants did not violate Plaintiff's substantive due process rights under

---

selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken-or doom-their claims." Id. at 1002 (citation omitted). The Court finds that Exhibit 1 is incorporated by reference into the Complaint because it is referred to in the Complaint, and forms a large part of the basis of Plaintiff's allegations of discrimination.

12

the Hawai`i Constitution and (2) the City has no liability under Monell because the City has no discretion in implementing federal law, because these arguments hinge on whether Plaintiff's asylum application was pending at the time he applied for a REAL ID. See Motion to Dismiss, Mem. in Supp. at 11-14.

Finally, the Court rejects Defendants' argument that, to the extent that Plaintiff brings a procedural due process claim, such a claim is barred by Hawai`i Administrative Rules Section 19-122-364, located in subchapter 8. Hawai`i Administrative Rules Section 19-122-364 relates to hearings in regard to medical conditions, restrictions, and denials, and is therefore not inapplicable to the instant case. See Haw. Admin. R. § 19-122-350 (describing the purpose of subchapter 8 as relating to medical conditions). Therefore, to the extent Plaintiff alleges due process violations under the Hawai`i Constitution, these claims are not dismissed.

C.  **Leave to Amend**

Plaintiff's claims alleging discrimination in violation of the Civil Rights Act of 1964 and the Hawai`i Constitution; and Plaintiff's claims alleging violations of the 1951 Convention are dismissed without prejudice because it is not clear, based on Defendants' arguments in the Motion to Dismiss, that these claims cannot be cured by amendment. See

Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018). Plaintiff is granted leave to amend his claim of discrimination and violation of the 1951 Convention because it is not absolutely clear the defects of that claim cannot be cured by amendment. See id. Plaintiff's claims regarding the unlawful denial of the REAL ID pursuant to the REAL ID Act of 2005 and Hawai`i Administrative Rule Section 19-149-2; and the due process violations in contravention of the Hawai`i Constitution remain.

Plaintiff may file an amended complaint pursuant to the terms of this Order. If Plaintiff chooses to file an amended complaint, he must do so by **April 5, 2024**. Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. Plaintiff cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if he fails to file his amended complaint by **April 5, 2024**, the claims that are dismissed without prejudice in this Order will be dismissed with prejudice – in other words, without leave to amend. In that instance, the case would proceed only as to Plaintiff's claims regarding the unlawful denial of the REAL ID pursuant to the REAL ID Act of 2005 and Hawai`i Administrative Rule Section 19-

149-2; and, to the extent Plaintiff brings such claims, the due process violations in contravention of the Hawai`i Constitution.

### III. Sanctions

Finally, Plaintiff argues sanctions pursuant to Federal Rule of Civil Procedure 11(c) are warranted because Defendants provided the Court with the allegedly false information that Plaintiff's application for asylum was approved after he filed the Complaint in state court, when in fact his asylum application was granted in October 2021, and Defendants stated they could provide supporting documentation of that fact. [Motion for Sanctions at 2.] Plaintiff refers to Defendants' Motion to Dismiss, in which Defendants state that their understanding "based on information provided to the Department of Customer Services by the Department of Homeland Security – is that [Plaintiff's] asylum application was granted after the Complaint was filed in state court." [Motion to Dismiss, Mem. in Supp. at 5.] In a footnote, Defendants note they assume Plaintiff will not dispute this fact, but, if necessary they "can provide available documentation to the Court under seal." [Id. at 5 n.10.]

Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Simpson v. Lear Astronics Corp., 77 F.3d

15

1170, 1177 (9th Cir. 1996) (citation omitted). Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

While the Court may impose sanctions for the violation of this rule, sanctions are unwarranted in this case. Here, Defendants appear to be mistaken about the date Plaintiff's asylum application was granted. This apparent mistaken information is at the core of the instant matter, as it appears to have led to the denial of Plaintiff's REAL ID application renewal. However, there is no indication that Defendants made

16

this representation for an improper purpose or in bad faith. Defendants' offer to provide supporting documentation indicates that they believed their statements regarding the timing of Plaintiff's asylum application approval were "factual contentions" with "evidentiary support." See Fed. R. Civ. P. 11(b)(3). Defendants' assertion in their Motion to Dismiss that Plaintiff's application for asylum was approved after he filed the Complaint in state court does not warrant sanctions pursuant to Rule 11. Plaintiff's Motion for Sanctions is therefore denied.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint, filed October 30, 2023, is GRANTED IN PART AND DENIED IN PART. Defendants' Motion to Dismiss is GRANTED insofar as: the claims against DCS, Mayor Blangiardi, and Hashiro are DISMISSED WITH PREJUDICE; and the claims alleging violations of the 1951 Convention Relating to the Status of Refugees and Plaintiff's claims alleging discrimination in violation of the Civil Rights Act of 1964 and the Hawai`i Constitution are DISMISSED WITHOUT PREJUDICE. Defendants' Motion to Dismiss Complaint is DENIED insofar as Plaintiff's other claims alleging the unlawful denial of his REAL ID renewal application pursuant to the REAL ID Act of 2005 and Hawai`i Administrative Rule Section 19-149-2; and the due process

violations in contravention of the Hawai`i Constitution - to the extent Plaintiff brings such claims - remain. Plaintiff is GRANTED leave to file an amended complaint to cure the defects in his claims that are identified in this Order. If he chooses to do so, he must file his amended complaint by **April 5, 2024**, and it must comply with the rulings in this Order.

Plaintiff's "Motion on the application of the provisions of Article 28 U.S. Code § 1441(c)(2)," filed November 2, 2023, and Plaintiff's "Motion on the application of the provisions of Fed. R. Civ. P. 11(c)," filed November 13, 2023 are DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 5, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FIRSOV V. CITY AND COUNTY OF HONOLULU, CV 23-00429 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT; DENYING PLAINTIFF'S "MOTION ON THE APPLICATION OF THE PROVISIONS OF ARTICLE 28 U.S. CODE § 1441(C)(2)"; DENYING PLAINTIFF'S "MOTION ON THE APPLICATION OF THE PROVISIONS OF FED R. CIV. P. 11(C)"**